HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, an Ohio corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>CHUGACH SUPPORT SERVICES, INC., et al.,<br><br>                Defendants.<br>_____<br>SHON E. FROSTAD, as Personal Representative of the Estate of Bradley J. Frostad,<br><br>                Third-Party Plaintiff,<br><br>    v.<br><br>R-CUSTOM EXCAVATION, et al.,<br><br>                Third-Party Defendants. | Case No. C10-5244RBL<br><br>ORDER |

THIS MATTER comes before the Court on Cross Motions.  Plaintiff filed this Declaratory Judgment action on April 8, 2010.  In its First Amended Complaint for Declaratory Judgment [Dkt. #9 -

6/23/10], plaintiff seeks a declaration that Defendants Chugach, SRI and Ron Long are not additional insureds under a Comprehensive General Liability (CGL) policy issued by plaintiff to Third-Party Defendant, R-Custom Excavation.  Defendant Chugach filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) arguing that no case or controversy over coverage currently exists [Dkt. #20].

Plaintiff opposed that motion and brought its own motion for summary judgment on the coverage issues [Dkt. #26].  Chugach then sought an emergency stay of plaintiff's summary judgment motion, asking the Court to first rule on its Motion to Dismiss [Dkt. #32].

Briefing has now been completed.  The Court has reviewed the materials submitted for and against the motions.  Oral argument is not necessary to resolve the issues presented.  For the reasons given below, the motion for emergency stay [Dkt. #32] is **DENIED as MOOT**, the Motion to Dismiss [Dkt. #20] is **DENIED** and the Motion for Summary Judgment [Dkt. #26] is re-noted to February 25, 2011 to permit the parties to conduct requested discovery.

## I.  FACTS

Shon Frostad (as Personal Representative of the Estate of Bradley J. Frostad) sued Chugach, R-Custom, SRI and Ron Long seeking damages for wrongful death resulting from a construction site accident at Langley Air Force Base in Virginia on March 2, 2008.  Chugach was the general contractor at the site.  SRI was a subcontractor to Chugach.  R-Custom Excavation was a subcontractor to SRI.  Long is the President of SRI.  Bradley Frostad was an employee of Motion and Contracts, Inc.

Ohio Casualty issued a CGL policy insuring R-Custom.  Chugach tendered the defense of the Frostad suit in March, 2010, seeking coverage for Chugach as an additional insured under the R-Custom CGL policy.  Tenders were also sent to Ohio Casualty on behalf of SRI and Ron Long.  Ohio offered a defense under a reservation of rights, and initiated this Declaratory Judgment action.

Chugach entered into a settlement agreement with the Frostad plaintiffs whereby Chugach and its

general liability insurer, Evanston Insurance Co., agreed to pay a sum to Forstad in exchange for a full release of all claims against Chugach and its insurers. Chugach similarly settled with SRI and Ron Long, and Chugach was released from all claims related to the Frostad lawsuit in return for a payment to Frostad.

## II.  DISCUSSION

**A.    Is There a Current Case or Controversy Giving the Court Subject Matter Jurisdiction?**

The law on subject matter jurisdiction is clear and the parties do not dispute the requirements for a current case or controversy.

Federal courts are courts of limited jurisdiction that derive their subject matter jurisdiction from Article III of the United States Constitution, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). In addition, the Federal Declaratory Judgment Act provides courts in the United States with jurisdiction to declare the rights and legal relationships of a party seeking declaration only where there is a case of actual controversy. 28 U.S.C. § 2210(a). The standard for determining jurisdiction under the Constitution and the Declaratory Judgment Act is the same. *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The party seeking declaratory relief bears the burden of establishing the federal court's jurisdiction by showing a justiciable case or controversy. *Cardinal Chem. v. Morton Int'l*, 508 U.S. 83 (1993).

A case or controversy must be definite and concrete, affecting the legal rights of parties having adverse legal interests. *Aetna Life Ins. Co. of Hartford Conn. v. Haworth*, 300 U.S. 227 (1937). A case or controversy does not exist where questions presented before the court are moot or where the Court's ruling will merely provide an advisory opinion which cannot affect the rights of the parties. *Schaeffer v. San Diego Yellow Cabs, Inc.*, 462 F.2d 1002, 1005 (1972). A controversy, for purposes of the Declaratory Judgment Act, requires that there be a substantial dispute between parties having immediate adverse legal interests rather than a hypothetical or abstract dispute. *Haworth*, 300 U.S. at 240; *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S. Ct. 510 (1941). In the insurance coverage context, courts

clearly establish that there must be an actual dispute between the insurer and insured regarding the rights and obligations conferred by an insurance policy in order to satisfy the case or controversy requirement. *Haworth*, 300 U.S. at 240; *Aetna Cas. & Surety Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992).

Chugach and Evanston argue that because they have withdrawn any tender of defense or coverage, the former controversy is moot. Ohio denies that Evanston Insurance has withdrawn its assertion of coverage and further asserts that the response to the motion for summary judgment is proof-positive that a current case or controversy exists.

First, as to Evanston's tender, a subsequent letter by Chugach's counsel confirms that the claims of coverage for Chugach from both Chugach and Evanston have been withdrawn. See Corkrum Decl. ¶8 [Dkt. #21].

As for the second point, the Court is persuaded that Ohio is correct and a current claim of coverage is in fact being pursued. In its response to the summary judgment motion, Chugach requests a Rule 56(f) delay in the motion to allow discovery before resolving the motion. Chugach asserts that discovery will likely reveal that the parties to the various subcontract agreements intended to require that additional insured status under the Ohio policy be granted to the defendants. The Certificate of Insurance issued by Ohio listed Chugach as an additional insured. This offers potentially powerful evidence that Washington's "context rule" should apply to allow the Court to consider extrinsic evidence to determine the intent and meaning of the parties' written agreement. *Berg v. Hudesman*, 115 Wn.2d 657 (1990).

The Court agrees that the proposed discovery should go forward before a final decision is rendered on Ohio's motion. A current case or controversy exists notwithstanding protests to the contrary. The Court suspects that some may simply prefer state court to federal court as the venue for deciding this issue. No mater the motive, Chugach has not offered to forever abandon a claim for coverage and has not described what future facts might resurrect the coverage claim. The claim for additional insured status is alive and well and living in the bosom of Chugach, Evanston, and/or the plaintiffs in the underlying

litigation.

      This Court does not like to interfere with the tactical decisions made by the parties to litigation. The specter of "bad faith" litigation sometimes moves the Court to make an exception to the rule. Sometimes bad faith litigation is "gotcha" litigation. The Court desires not to be an accessory to the strategy of either side in such litigation. If either side to the current dispute thinks that the Court in this opinion has become an unwitting accomplice to any effort to precipitate a mistake of consequence by one side or the other, then a request for reconsideration and oral argument will be granted so that a more full and frank discussion of the subject can occur.

      The Motion to Dismiss is **DENIED** [Dkt. #20]. The Motion for Summary Judgment [Dkt. #26] is re-noted for February 25, 2011. The discovery outlined by Chugach and any discovery deemed necessary by Ohio should proceed without delay.

      Dated this 8th day of November, 2010.

              */s/ Ronald B. Leighton*
      RONALD B. LEIGHTON
      UNITED STATES DISTRICT JUDGE

ORDER
Page - 5