UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY, an Ohio corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CHUGACH SUPPORT SERVICES, INC., et al.,<br><br>    Defendants.<br>_____<br>SHON E. FROSTAD, as Personal Representative of the Estate of Bradley J. Frostad,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>R-CUSTOM EXCAVATION, et al.,<br><br>    Third-Party Defendants. | CASE NO. C10-5244 RBL<br><br>ORDER DENYING SUMMARY JUDGMENT |

1  This matter comes before the Court on Plaintiff Ohio Casualty Insurance Company's
2  motion for summary judgment. (Dkt. No. 26.) Having reviewed the motion, the response (Dkt.
3  No. 58), the reply (Dkt. No. 63), the surreply (Dkt. No. 65), and all related papers, the Court
4  DENIES the motion.

**Background**

Plaintiff Ohio Casualty Insurance Company ("Ohio") seeks a declaration that Defendants Chugach Support Services, Inc. ("Chugach"), Metropolitan Design Concepts ("SRI"), and Ron Long are not additional insureds under a Comprehensive General Liability policy issued by Ohio to Third-Party Defendant R-Custom Excavation.

The dispute stems from a wrongful death suit filed by Shon Frostad, as personal representative of the estate of Bradley Frostad, against Chugach, R-Custom, SRI, and Long. Bradley Frostad was killed at a construction site accident at Langely Air Force Base in Virginia on March 2, 2008. Chugach was the general contractor at the site. SRI, whose president is Ron Long, was a subcontractor to Chugach. R-Custom was a subcontractor to SRI. Bradley Frostad was an employee of Motion and Contracts, Inc. After Bradley Frostad's estate filed its wrongful death suit, Chugach, SRI, and Ron Long tendered defenses to Ohio. (Love Decl. Ex 1., Ex. 2.) Ohio accepted the defense of SRI and Long under reservations, and Chugach withdrew its tender of defense. (Id.; Dkt. No. 21.) Ohio maintains that none of these parties was added as an additional insured to R-Custom's policy.

R-Custom's CGL policy with Ohio provides coverage to those who qualify as additional insureds. The policy's definition of an additional insured "include[s] as an insured any person or organization whom you are required to name as an additional insured on this policy in a written

1 contract or written agreement." (Dkt. No. 27-2 at 7.) The policy does not define the term
2 "written contract or written agreement."
3     The facts as to whether R-Custom added Chugach and SRI as additional insureds on its
4 policy with Ohio are somewhat convoluted. There is only one written contract for services
5 between R-Custom and SRI. It is a bid proposal that both parties signed, and SRI purportedly
6 drafted, but it does not mention insurance. (Larson Dep. at 19-20; Dkt. No. 58 at 7-8.) Rick
7 Larson, R-Custom's owner, testified that he believed SRI's president, Ron Long, asked him to
8 name SRI and Chugach as additional insureds. (Larson Dep. at 24-25, 30, 32.) Long submits a
9 declaration that he and Larson agreed Larson would add SRI and Chugach as additional insureds
10 on its Ohio policy. (Long Decl. ¶ 6.) On November 14, 2007, R-Custom sent a fax request to its
11 insurance broker requesting both SRI and Chugach be named as additional insureds. (Dkt. No.
12 59 at 18, 20.) R-Custom's insurance broker, Degginger McIntosh & Associates, issued
13 certificates of insurance for Chugach on November 15, 2007, which listed Chugach as an
14 additional insured. (Dkt. No. 59 at 28.) A certificate has not been produced as to SRI, but a
15 document entitled "Certificate Holder List" shows SRI named as an additional insured as of
16 October 19, 2007. (Dkt. No. 59 at 23.) Mr. Degginger testified that this list is issued only to the
17 insured, not the additional insured or the insurance carrier. (Degginger Dep. at 45-46.)
18     In its summary judgment motion Ohio seeks an order declaring that it owes no coverage
19 to either Chugach or SRI.

20                                   **Analysis**

21 A.    Standard
22     Although the interpretation of an insurance policy is a question of law, the Court cannot
23 grant summary judgment when genuine issues of material fact remain in dispute. Allstate Ins.
24

1  Co. v. Peasley, 131 Wn.2d 420, 423-24 (1997). As with any summary judgment, the Court must
2  construe the facts in the light most favorable to the non-moving party. When reviewing the
3  motion, the Court must view the policy in its entirety, see Hess v. North Pac. Ins. Co., 122
4  Wn.2d 180, 186 (1993), and give effect to each provision in the policy, Kish v. Ins. Co. of N.
5  Am., 125 Wn.2d 164, 170 (1994). Undefined terms in an insurance contract must be given their
6  "plain, ordinary, and popular" meaning. Boeing Co. v. Aetna Cas. and Sur. Co., 113 Wn.2d 869,
7  877 (1990) (citation omitted). The Court should "determine the ordinary meaning of an
8  undefined term" by using "standard English language dictionaries." Id.
9        When policy terms are ambiguous, the Court is to construe them in favor of the insured.
10 Kish, 125 Wn.2d at 170. A policy term is ambiguous "only if the language on its face is fairly
11 susceptible to two different but reasonable interpretations." Allstate, 131 Wn.2d at 424 (internal
12 citation and quotation omitted). "When analyzing an insurance policy and questioning whether
13 an ambiguity exists, we look at the language according to the way it would be read by the
14 average insurance purchaser." Id.
15 B.    Additional Insured Clause Ambiguities
16       Defendants correctly argue the additional insured section of the Ohio policy is susceptible
17 to two different reasonable interpretations and should be interpreted in their favor. Allstate, 131
18 Wn.2d at 424. Defendants also ask for a ruling that the plain meaning of "written contract or
19 written agreement" does not require a single, fully integrated contract. The Court agrees.
20       Under the Ohio policy, an additional insured is an entity "whom you are required to name
21 as an additional insured on this policy in a written contract or written agreement." (Dkt. No. 27-
22 2 at7.) Ohio argues that an entity becomes an additional insured only when a written contract or
23 agreement itself requires the entity be named as an additional insured on the Ohio policy. (Dkt.
24

No. 26 at 6.) Defendants present an equally valid interpretation that an entity becomes an additional insured if there is a "requirement," oral or written, to name the entity as an additional insured in some separate written agreement or written contract. This interpretation is reasonable. The policy does not state that the written contract must itself contain the requirement that the entity be added as an additional insured. Rather, it states the entity must be someone "whom you are required to name as an additional insured . . . in a written contract or written agreement." This interpretation would not be reasonable if the policy stated that an entity becomes an additional insured when "a written agreement or written contract requires you to name the entity as an additional insured." The policy does not have this clarity. Given this ambiguity, the Court finds that an entity is an additional insured if there is a requirement (oral or written) to name it as an additional insured in a separate written agreement or written contract. The written agreement or written contract need not contain the requirement that the entity be named an additional insured.

The policy is also ambiguous as to whether the parties to the written agreement or written contract naming the additional insured must be the insured and additional insured. Given that the policy is not specific, the Court construes this provision against Ohio. Kish, 125 Wn.2d at 170. As such, the written agreement naming the additional insured itself need not be between the insured and the additional insured. It can be between the insured and its insurer or insurance broker, for example.

Defendants also argue that the plain and ordinary meaning of "written agreement" does not require the agreement to be a fully integrated document. This is true. Nowhere does the policy define the term or make such a requirement. The dictionary provides no such definition. Rather, it defines agreement as "the act of agreeing," "[h]armony of opinion; accord," or "[a]n

1  arrangement between parties regarding a course of action; a covenant." Am. Heritage Dict. at 35
2  (4th ed. 2000). The same dictionary defines "contract" as either "[a]n agreement between two or
3  more parties, especially one that is written and enforceable by law" or "[t]he writing or document
4  containing such an agreement." Id. at 398. Thus, it is proper to define agreement and contract
5  not to mean a fully-integrated contract.

6  C.     Facts in Dispute as to Additional Insured Status

7         To defeat summary judgment, Defendants must show R-Custom was required to name
8  Chugach and SRI as additional insureds in a written agreement or written contract. Defendants
9  have met this burden.

10        There is evidence of an oral agreement between R-Custom and SRI in which R-Custom
11 agreed to name Chugach and SRI as an additional insureds in a written agreement. R-Custom
12 sent a fax to its insurance broker asking SRI and Chugach to be named as additional insureds in
13 certificates of insurance. (Dkt. No. 59 at 18.) The fax itself shows an agreement between SRI
14 and R-Custom to add Chugach as an additional insured in a written certificate of insurance:
15 "This has been requested by our customer Securities Resources (Angela). They have requested
16 that no info sent to Chugach support, please only fax to Angela at SRI (Fax number above)."
17 (Dkt. No. 59 at 18.) R-Custom sent similar fax the same day asking for a certificate of insurance
18 for SRI. (Dkt. No. 59 at 20.) SRI's principle, Ron Long, avers that he and R-Custom's owner,
19 Rick Larson, agreed that SRI and Chugach would be named as additional insureds on R-
20 Custom's Ohio policy and that certificates of insurance would be obtained. (Long Decl. ¶¶ 6-7.)
21 Larson's testimony reinforces the fact that he was requested to obtain certificates of insurance for
22 SRI and Chugach. He stated he was sure Long requested additional insured status and that he
23 thought he had agreed to add SRI and Chugach as additional insureds. (Larson Dep. at 25-26,
24

ORDER DENYING SUMMARY JUDGMENT- 6

1 28:11-22.) Larson's testimony is somewhat contradictory on precisely what he agreed to with
2 Long, which raises a dispute of fact. (Larson Dep. at 28, 38.) Additionally, the certificates
3 requested are sufficient to be "written agreements," as the Court interprets the term in the Ohio
4 policy. They show "an arrangement between parties regarding a course of action." Am.
5 Heritage Dict. at 35. It is true that certificates of insurance are not equivalent to insurance
6 policies. See Evanston Ins. Co. v. Westchester Surplus Lines Ins. Co., C07-923 MJP, Dkt. No.
7 51 at 14 (W.D. Wash. Mar. 4, 2008) (citing Postlewait Const., Inc. v. Great Am. Ins. Cos., 106
8 Wn.2d 96, 100-01 (1986)). This does not mean the certificates cannot be written agreements as
9 the term is used in the Ohio policy. Even if it has no separate force of law, a certificate is a
10 written agreement naming an entity as an additional insured. Defendants have thus shown facts
11 showing they were additional insureds under the Ohio policy.

12 Defendants have also shown facts indicating that the certificate of insurance and the
13 certificate holder list naming SRI and Chugach as additional insureds are written agreements.
14 Both documents contain a statement that Chugach and SRI are "included as Additional Insured
15 per form CG8330 (1203) with respects to any & all operations of Named Insured - Re:
16 SRI/Langley AFB." (Dkt. No. 59 at 23, 28.) The certificate shows that the insurance broker
17 agreed to issue the certificate naming Chugach, as does the certificate holder list. If one
18 considers that the certificate and certificate list were created in response to R-Custom's fax
19 requests, one sees further evidence that the certificate and certificate list are written agreements
20 showing a "harmony of opinion." Am. Heritage Dict. at 35. The consideration of other
21 documents such as the faxes is proper where the contract is not fully integrated—the case here.
22 See Boyd v. Davis, 127 Wn.2d 256, 261 (1995). The certificates and certificate holder list
23
24

appear to have been created in response to R-Custom's request and they appear to be written agreements naming SRI and Chugach as additional insureds.

The Court does not find any grounds on which to enter summary judgment in Ohio's favor.

**Conclusion**

Ohio has done little to show that it is entitled to the declaratory relief it seeks. To the contrary, the facts tend to show that Chugach and SRI qualify as additional insureds. Disputed evidence exists about an oral agreement between SRI and R-Custom requiring R-Custom to name SRI and Chugach as additional insured in written agreements. If resolved in Defendants' favor this would result in additional insured coverage for Defendants' under the Ohio CGL policy. Summary judgment is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 27th day of April, 2011.

Marsha J. Pechman
United States District Judge