UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OHIO CASUALTY INSURANCE COMPANY,

Plaintiff,

v.

CHUGACH SUPPORT SERVICES, INC.,

Defendant.

CASE NO. C10-5244 RBL

ORDER DENYING EVANSTON'S MOTION TO INTERVENE

This matter comes before the Court on a motion to intervene filed by Evanston Insurance Company ("Evanston") in an action between Defendant Ohio Insurance Company ("Ohio") against Plaintiff Chugach Support Services, Inc. ("Chugach"). Having reviewed the motion (Dkt. No. 83), the response (Dkt. No. 91), the reply (Dkt. No. 98), and all related papers, the Court DENIES the motion.

**Background**

Evanston is an insurance company that provides coverage to Chugach. (Dkt. No. 83 at 1.) Evanston currently seeks to intervene in the underlying action brought by Ohio against

Chugach, alleging that Ohio is liable to Evanston for equitable indemnity on damages paid by Evanston. (Id.) In the underlying action, Ohio seeks declaratory relief that it is not liable for damages incurred by Chugach, arising from a wrongful death suit. (Dkt. No. 83 at 2.)

On March 2, 2008, Bradley Frostad was killed at a construction site located at Langely Air Force Base, in Virginia. (Dkt. No. 66 at 2.) Chugach was the general contractor at the site. (Id.) Although Chugach was insured by Evanston, Chugach sought indemnity from Ohio on the basis that Chugach was named as an additional insured on an Ohio policy issued to a subcontractor working for Chugach. (Dkt. No. 83 at 2.)

Chugach and Evanston ultimately settled with the Frostad estate for $950,000. (Dkt. No. 91 at 2; Dkt. No. 84 at 7-8.) Ohio filed a complaint for declaratory judgment against Chugach, arguing that Chugach was not an additional insured on an Ohio policy and therefore, Ohio was not liable for expenses incurred by Chugach and Evanston. (Id.; Dkt. No. 1 at 1.) On April 27, 2011, this Court denied summary judgment to Ohio on those claims. (Dkt. No. 66 at 1.) Chugach filed counterclaims against Ohio, seeking indemnity. (Dkt. No. 83 at 3.)

The period for discovery ended on July 13, 2011. (Dkt. No. 22 at 1.) The same day, Evanston filed the motion to intervene. (Dkt. No. 83 at 1.)

## Analysis

Evanston seeks to intervene as a matter of right, and, in the alternative, seeks to permissively intervene. (Dkt. No. 83 at 4-5.) Evanston also seeks leave to bring claims against Ohio in concert with the counter claims asserted by Chugach. (Id. at 1.) Ohio asserts that Evanston's motion is untimely, and that allowing Evanston to intervene at this late stage in trial, namely after the period for discovery has ended, would result in prejudice. (Dkt. No. 91 at 5-6.)

The Court agrees that Evanston failed to carry the burden of proof to establish that the motion was timely filed, and DENIES Evanston's motion to intervene.

I. Motion to Intervene as a Matter of Right

Evanston first seeks to intervene as a matter of right under Rule 24(a)(2). An applicant is entitled to intervention as a matter of right when the applicant shows the following:

> (1) the intervention application is timely;
>
> (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action;
>
> (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and
>
> (4) the existing parties may not adequately represent the applicant's interest.

Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006) (quotation omitted). Although the party seeking to intervene bears the burden of showing those four elements are met, "the requirements for intervention are broadly interpreted in favor of intervention." Id.

However, timeliness is "the threshold requirement for intervention as a matter of right." United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990). If the Court determines that the motion to intervene is not timely, it need not reach any of the remaining elements. See United States v. Washington, 86 F.3d 1499, 1503 (9th Cir. 1996).

Courts weigh three factors in determining whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. United States v. Alisal Water Corp., 370 F.3d 915, 921 (9th Cir. 2004). Although a lapse of time in itself is not determinative, a

substantial delay will weigh heavily against intervention. See Orange County v. Air California, 749 F.2d 535, 537 (9th Cir. 1986).

a. Stage of Proceedings

A party's interest in a specific phase of a proceeding may support intervention at that particular stage of the lawsuit, even if asserted late in the proceedings Air California, 749 F.2d at 537. However, intervention has been denied even at the pretrial stages when "a lot of water" has passed under the "litigation bridge." League of Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1303 (9th Cir. 1997).

Evanston does not assert a newly arisen interest. Rather, Evanston asserts an interest in the overall outcome of the lawsuit—whether Chugach qualifies as an additional insured—which has been litigated in the Court since April 8, 2010. (Dkt. No. 1 at 1.) Evanston waited until the proceedings were over a year old and until the discovery deadline had passed before filing a motion to intervene. (Dkt. No. 83 at 1.) Trial is less than two months away, and the Court has already made determinations on a dispositive motion filed by Ohio. (Dkt. No. 66 at 1.)

Intervention at such a late stage in the proceedings, where no newly arisen interest is asserted, weighs heavily against intervention by Evanston. Because Evanston waited to assert an interest that had been in existence since April 2010, it should not now be allowed to assert that claim.

b. Prejudice to Ohio

A party seeking to intervene is also required to establish that no prejudice to the rights of existing parties will occur as a result of the intervention. See Alisal, 370 F.3d at 921. Courts have previously determined that allowing a party to intervene after the period of discovery has ended may result in prejudice to the rights of existing parties. See United States v. Blaine

County, Montana, 37 F. App'x 276, 278 (9th Cir. 2002) (unpublished) (affirming district court's determination that motion to intervene was untimely where period for discovery had passed).

Evanston fails to establish that Ohio will suffer no prejudice as a result of the intervention. Because the period for discovery has ended, Ohio correctly points out that that if Evanston is permitted to intervene at this late stage, Evanston and Chugach may present evidence at trial that Ohio cannot now obtain by pre-trial discovery. (Dkt. No. 91 at 5.) In response, Evanston promises that "Chugach and Evanston will not appear at trial with some correspondence or document heretofore unknown to Ohio." (Id.) This promise on Evanston's part is insufficient to establish that no prejudice to Ohio will occur.

    c.  Reason for Length of Evanston's Delay

Considering that the first two factors weigh heavily against Evanston's intervention, Evanston must "convincingly explain their delay in filing their motions to intervene." California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc., 309 F.3d 1113, 1119 (9th Cir. 2002). A party must intervene when he or she "knows or has reason to know" that his or her interests "might be adversely affected by the outcome of the litigation." Oregon, 913 F.2d at 589 (quoting United States v. City of Chicago, 870 F.2d 1256, 1263 (7th Cir. 1989)).

Evanston fails to sufficiently explain the delay. Evanston was put on constructive notice of Ohio's potentially adverse interest since Ohio filed suit against Chugach in April 2010. (Dkt. No. 1 at 1.) Furthermore, Evanston was put on actual notice when it settled with the representatives of the deceased on July 3, 2010. (Dkt. No. 84 at 8.) As such, there is no reason why Evanston could not have filed a motion to intervene before the period for discovery ended.

Evanston's only justification of the delay to seek to intervene is that "Chugach and Evanston have been attempting to negotiate a resolution with Ohio." (Dkt. No. 98 at 4.) Such an

explanation is neither convincing nor reasonable. Evanston should surely have realized that a settlement might not be reached, and known that the risks of waiting included the possibility that their motion to intervene would be dismissed as untimely. See Toxic Substances Control, 309 F.3d at 1120.

Because Evanston is unable to meet its burden to prove that the motion to intervene was timely, the Court DENIES the motion to intervene as a matter of right. Because the Court determines that the motion to intervene is untimely, there is no need to consider the other elements of the test. See Air California, 749 F.2d at 538 (9th Cir. 1986).

II. Permissive Intervention

Evanston also seeks to permissively intervene pursuant to Rule 24(b)(2), under which the Court may allow a party to permissively intervene. However, the threshold requirement for permissive intervention under Rule 24(b)(2) is also timeliness. See Air California, 749 F.2d at 538. Because the Court determined that the motion to intervene as of right was untimely, the determination of timeliness applies equally here. As such, the Court DENIES the motion to permissively intervene.

**Conclusion**

Given the late stage of the proceedings in which the motion to intervene was filed, particularly after the period for discovery has passed, the likelihood for prejudice to Ohio is high. Evanston offered no sufficient explanation for the delay in bringing the motion to intervene, and as such, failed to meet the burden of proof to establish that the motion was timely. For these reasons, the Court DENIES Evanston's motion to intervene.

\\

\\

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of September, 2011.

                                                Marsha J. Pechman
                                                United States District Judge

ORDER DENYING EVANSTON'S MOTION TO INTERVENE- 7