UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OHIO CASAULTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHUGACH SUPPORT SERVICES, INC., et al.,<br><br>Defendants. | CASE NO. C10-5244 RBL<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT CHUGACH'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| SHON E. FROSTAD, as Personal Representative of the Estate of Bradley J. Frostad,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>R-CUSTOM EXCAVATION, et al.,<br><br>Third-Party Defendants. | |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT CHUGACH'S MOTION FOR PARTIAL SUMMARY JUDGMENT- 1

This matter comes before the Court on Plaintiff Ohio Casualty Insurance Company's ("Ohio") motion for summary judgment and Defendant Chugach Support Services, Inc.'s ("Chugach") motion for partial summary judgment. (Dkt. Nos. 77, 85.) Having reviewed the motions, the responses (Dkt. Nos. 93, 99), the replies (Dkt. Nos. 95, 102), Chugach's surreply (Dkt. No. 100), and all related papers, the Court GRANTS in part and DENIES is part Ohio's motion, and GRANTS Chugach's motion. Ohio's motion has prompted Chugach to dismiss its bad faith and Insurance Fair Conduct Act counterclaims. (Dkt. No. 93 at 4.) The Court DISMISSES these counterclaims.

**Background**

This is an insurance coverage dispute in which Ohio seeks a declaratory judgment that it owes no coverage to Chugach. Ohio provided a comprehensive general liability policy to R-Custom, a company that provided construction work as a subcontractor to SRI and Chugach in a construction project in Virginia. While working on the site on March 1, 2008, Bradley Frostad was crushed by a metal plate and died shortly after. (Dkt. No. 27-1 at 2-3.) Frostad's estate sued Chugach, SRI, Ron Long, the president of SRI, and R-Custom in Pierce County Superior Court. Chugach, SRI, and Ron Long tendered defenses to Ohio. (Love Decl. Ex 1., Ex. 2.) Ohio accepted the defense of SRI and Long under reservations, and denied Chugach's tender. (Id.; Dkt. No. 21.) Chugach settled the Frostad estate's claims with for $950,000. (Dkt. No. 86.) Chugach paid $150,000 of the settlement, while its insurer, Evanston Insurance Company ("Evanston") covered the remainder. Chugach also incurred $128,840.98 in legal fees that it has paid without assistance from its insurer.

In its motion, Ohio argues that any coverage it owes is excess only to Chugach's primary insurance with Evanston. The Court has previously ruled that there is a dispute of fact as to

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT CHUGACH'S MOTION FOR PARTIAL SUMMARY JUDGMENT- 2

whether Chugach is an additional insured on the Ohio policy. In the present motion Ohio contends that because the underlying settlement and defense costs did not exceed the Evanston policy, it owes no coverage payments to Chugach if it is an additional insured. Under the Ohio policy, the additional insured is treated as a primary insured only if R-Custom, Ohio's insured, agreed in a written contract to provide additional insurance coverage "on a primary and noncontributory basis":

> If the additional insured's [Chugach] policy has an Other Insurance provision making its policy excess, and a Named Insured [R-Custom] has agreed in a written contract or written agreement to provide the additional insured coverage on a primary and noncontributory basis, the policy shall be primary and we will not seek contribution from the additional insured's policy for damages we cover.

(Dkt. No. 24-2 at 8.) In the absence of primary coverage, the Ohio policy is only excess: "any coverage provided hereunder shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis." (Id.)

The Evanston policy converts to excess coverage from primary coverage where the insured, Chugach, has been named an additional insured covering the same loss. The Evanston policy contains an "Other Insurance" provision that states it is "excess over . . . [a]ny other valid and collectible insurance available to you covering liability for damages arising out of the . . . operations for which you have been added as an additional insured by an endorsement, or by definition via a contract or agreement, or by combination thereof." (Dkt. No. 79 at 15.) The parties dispute whether Ohio and Evanston are thus competing excess carriers or whether Ohio's excess clause is a "super-escape" clause, making its excess coverage secondary to Evanston's.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING DEFENDANT
CHUGACH'S MOTION FOR PARTIAL
SUMMARY JUDGMENT- 3

Both policies have similar language as to the method of contribution when the insurers are both excess carriers:

> If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each party contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

(Dkt. No. 79 at 15; Dkt. No. 9-5 at 20-21.) The policies also have a provision stating "[w]hen this insurance is excess, we will have no duty under Coverage A or B to defend any claim or 'suit' under that any other insurer has a duty to defend." (Id.) This envisions a scenario where there is one primary carrier and one or more excess carriers. In the case where there is no primary carrier, both policies provide that "[i]f no other insurer defends, we will undertake to do so, but we will be entitled to the insured' rights against all those other insurers." (Id.)

At issue in both motions is the Self-Insured Retention ("SIR") endorsement in the Evanston policy. The Evanston SIR requires Chugach to cover the first $250,000 of any occurrence under the policy before Evanston has a duty of coverage. (Dkt. No. 79 at 23.) The policy states "[i]n the event that there is any other insurance, whether or not collectible, applicable to an occurrence, claim, suit, or pollution condition within the Self-Insured Retention, the Insured must make actual payment for the full Self-Insured Retention before the limits of insurance under this policy apply. (Dkt. No. 94 at 12; Dkt. No. 9-6 at 15.)

Chugach's separate motion for summary judgment focuses on the reasonableness of its settlement of the Frostad action and the attorneys' fees Chugach incurred. It seeks an order establishing these costs as the indemnity and defense damages at issue in this litigation. The motion raises the question of whether Chugach withdrew its tender. The Court thus lays out dates relevant to this issue. On February 22, 2010, the Frostad estate filed suit against Chugach

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING DEFENDANT
CHUGACH'S MOTION FOR PARTIAL
SUMMARY JUDGMENT- 4

and others, and on March 10, 2010, Chugach tendered its request for indemnity and defense coverage for the Frostad suit to Ohio. (Dkt. No. 21 at 1-2.) Ohio denied coverage on April 1, 2010, and filed this declaratory judgment action on April 4, 2010. (Id. at 2.) On June 18, 2010, a reasonableness hearing was held in the underlying Frostad action for the proposed settlement agreement. (Allen Decl. ¶ 5.) Ohio filed no objections. On June 18, 2010 the superior court approved the settlement, which was finalized on July 22, 2010. (Allen Decl. Ex. 1.) The superior court found the $950,000 settlement reasonable, but did not opine as to the attorneys' fees Chugach incurred. On July 26, 2010, Chugach withdrew its tender by email, and then sent a letter reconfirming its withdrawal of tender on September 7, 2010. (Dkt. No. 21 at 2.) This Court has earlier ruled that a case and controversy exists because Chugach still seeks indemnity and defense coverage despite its withdrawal of the tender. (Dkt. No. 37 at 4.) Chugach then re-tendered its request for indemnity and defense on November 22, 2010.

**Analysis**

A.    Standard

Although the interpretation of an insurance policy is a question of law, the Court cannot grant summary judgment when genuine issues of material fact remain in dispute. Allstate Ins. Co. v. Peasley, 131 Wn.2d 420, 423-24 (1997). When reviewing the motion, the Court must view the policy in its entirety, see Hess v. North Pac. Ins. Co., 122 Wn.2d 180, 186 (1993), and give effect to each provision in the policy, Kish v. Ins. Co. of N. Am., 125 Wn.2d 164, 170 (1994). Undefined terms in an insurance contract must be given their "plain, ordinary, and popular" meaning. Boeing Co. v. Aetna Cas. and Sur. Co., 113 Wn.2d 869, 877 (1990) (citation omitted). The Court should "determine the ordinary meaning of an undefined term" by using "standard English language dictionaries." Id.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT CHUGACH'S MOTION FOR PARTIAL SUMMARY JUDGMENT- 5

When policy terms are ambiguous, the Court is to construe them in favor of the insured. Kish, 125 Wn.2d at 170. A policy term is ambiguous "only if the language on its face is fairly susceptible to two different but reasonable interpretations." Allstate, 131 Wn.2d at 424 (internal citation and quotation omitted). "When analyzing an insurance policy and questioning whether an ambiguity exists, we look at the language according to the way it would be read by the average insurance purchaser." Id.

B.    Ohio's Motion

Ohio's motion asks the Court to determine whether Ohio has to provide primary coverage, and if not, whether it owes excess coverage co-equal to Evanston's coverage or whether it owes coverage only after the exhaustion of Evanston's policy limits. The Court finds Ohio's coverage, if any is proven at trial, is co-extensive to Evanston's.

    1.    Ohio's Coverage is Excess

In order for Chugach to be a primary insured on the Ohio policy, it must show a "written contract or written agreement to provide the additional insured [Chugach] coverage on a primary and noncontributory basis." (Dkt. No. 24- at 8.) In ruling on Ohio's first motion for summary judgment, the Court held that there was ambiguity in the additional insured clause. The clause presently before the Court is quite different and not ambiguous. On the face of the policy, it is clear there must be a written contract or written agreement with an express provision that Chugach is to receive coverage on a primary and non-contributory basis. The term cannot be taken from an oral agreement. Chugach argues that this provision is ambiguous. The Court agrees only insofar as the term "written agreement or written contract" does not require a fully-integrated contract. Even if the contract is not fully integrated, there must be a writing naming Chugach as an additional insured on a primary and non-contributory basis.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING DEFENDANT
CHUGACH'S MOTION FOR PARTIAL
SUMMARY JUDGMENT- 6

Chugach has failed to point to any facts showing a written agreement or written document naming it as an additional insured on a primary and non-contributory basis. At best, it has pointed to a declaration from Ron Long, principal of SRI, stating that he intended to ensure that Chugach was named as an additional insured because SRI did not have insurance. Chugach argues that "because SRI had no coverage whatsoever, the intent of the parties necessarily had to be that the Ohio policy would be primary and noncontributory." (Dkt. No. 93 at 15.) This is purely conjectural. More importantly, it does not show a <u>written</u> document naming Chugach as an additional insured on a primary and noncontributory basis. The Court GRANTS Ohio's motion and finds that Chugach cannot be an additional insured on a primary and noncontributory basis. Rather, Ohio only potentially owes excess coverage.

    2.    <u>Ohio's Coverage of Chugach is Co-Excess to Evanston's Coverage</u>

Ohio incorrectly argues that its policy can only be excess to Evanston's primary coverage. Ohio also incorrectly argues that its policy has a super-escape clause that renders its obligations secondary to Evanston's. The parties are to share coverage equally.

When two insurance policies provide excess coverage to the same party they are generally considered to be mutually repugnant. <u>Polygon NW Co. v. Am. Nat'l Fire Ins. Co.</u>, 143 Wn. App. 753, 777 (2008). They essentially negate each other, as there can be no excess policy without a primary policy. Whether two excess policies are mutually repugnant depends on the language of the policies. Here, the policies are virtually identical. Ohio's policy states that "any coverage provided hereunder shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis." (Dtk. No. 24-2 at 8.) Through similar language, Evanston's policy states that Chugach's coverage becomes excess when it has additional insured coverage: "[t]his insurance is excess

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING DEFENDANT
CHUGACH'S MOTION FOR PARTIAL
SUMMARY JUDGMENT- 7

over . . . [a]ny other valid and collectible insurance available to you covering liability for damages arising out of the . . . operations for which you have been added as an additional insured. . . ." (Dkt. No. 94 at 12.) These are both excess coverage clause that negate each other, and are mutually repugnant.

Given that the both insurers are excess carriers, Ohio's and Evanston's policies require the insurers share the insurance responsibilities equally. Both Ohio and Evanston share the same methodology of contribution. Both agree to pay defense and indemnity up to the limits of the covered loss if it "exceeds the sum of . . . [t]he total of all deductible and self-insured amounts under all that insurance." (See Dkt. No. 94 at 12.) Thus to the extent that Evanston owes a duty to Chugach, Ohio owes the same duty to Chugach.

Ohio argues incorrectly that its clause is a "super-escape" clause and that its coverage is only excess to any coverage, excess or primary, that Evanston offers. The Ohio policy contains only an excess, not a super-excess clause. The case Ohio relies on illustrates the difference. In New Hampshire Indem. Co., Inc. v. Budget Rent-A-Car Sys., Inc., 148 Wn.2d 929 (2003), the Court explained two competing policies were not mutually repugnant because one had a super escape clause. The super-escape policy stated: "Budget's liability protection does not apply until after exhaustion of all automobile liability insurance . . . whether primary, excess or contingent . . . ." Id. at 934. The Court explained that a super-escape clause will expressly state it does not apply until the other coverage is exhausted. Id. at 933 n.12. Here, however, Ohio's policy only states that it is an excess policy to any other policy. It does not say it "does not apply until after exhaustion of all" other policies. The Ohio policy has only an excess, not an escape or super escape clause.

3. <u>SIR Not Subject to Cost Sharing</u>

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT CHUGACH'S MOTION FOR PARTIAL SUMMARY JUDGMENT- 8

The parties dispute whether Ohio has any liability to cover the SIR amount that Chugach was required to pay under the Evanston policy. Ohio argues that its liability is only excess to the SIR, while Chugach argues that Ohio must indemnify it for the SIR because the SIR is not insurance at all. Ohio is correct.

In general, an SIR is the equivalent of a deductible on a medical insurance policy. See Bordeaux, Inc. v. Am. Safety Ins. Co., 145 Wn. App. 687, 695 (2008). The SIR is not considered a separate insurance policy, but it is simply the risk retained by the insured under a policy. Id. at 696. Under the Evanston policy, Chugach bears the responsibility to cover the first $250,000 of each occurrence before Evanston's coverage duties are in force. Chugach made such a payment and there is no dispute here that SIR was satisfied. The only question is whether either insurer bears the responsibility to reimburse Chugach for the SIR. The Court finds that neither one does. Both policies explain that their excess coverage only includes the amounts due beyond any applicable SIR amounts. (Dkt. No. 94 at 12; Dkt. No. 9-6 at 15.) This excludes the SIR limit in force in the Evanston policy. This is only logically, given that the SIR is the liability that Chugach chose to retain. Ohio has no duty to provide coverage for the SIR amount.

4. Chugach's Motion to Strike

Chugach filed a surreply brief in which it complains that Ohio inappropriately raised a legal argument in its reply for the first time. Chugach's motion itself is overlength by four pages and it was not preceded by notice, as required by the Local Rules. Local Rule CR 7(g). This alone is reason not to consider the surreply. Even considering the merits, the Court finds no basis to strike the responsive arguments. As to this argument, the Court DENIES the motion. The Court finds the request to strike two declarations MOOT, as it has not considered them in reaching its decision.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT CHUGACH'S MOTION FOR PARTIAL SUMMARY JUDGMENT- 9

### C. Chugach's Motion for Partial Summary Judgment

Chugach's motion for summary judgment primarily asks the Court to find as a matter of law that the settlement amount and attorneys' fees Chugach incurred in the underlying litigation are the proper measure of indemnity and defense damages at issue in this litigation. Ohio presents no opposition to determining whether the settlement amount is the proper, and presents no factual challenge to the reasonableness of the attorneys' fees. Ohio instead focuses its brief on an erroneous argument that Chugach waived its rights to defense because it withdrew its tender.

#### 1. Waiver

Ohio argues incorrectly that Chugach withdrew its tender for defense, and that Ohio owes no duty of coverage.

As a factual matter, the only period when the tender was withdrawn was <u>after</u> the settlement of the underlying liability suit. Thus, Chugach had a live tender and request for defense coverage throughout the pendency of the underlying lawsuit. See <u>Grifin v. Allstate Ins. Co.</u>, 108 Wn. App. 133, 140 (2001) (holding that an insured must affirmatively inform the insurer that its participation is desired for there be a duty to defend when owed). The tender was only withdrawn after the settlement was entered. The duty to defend was thus in force throughout the pendency of the underlying litigation. Moreover, the withdrawal of the tender in July 2010 was temporary and not a clear, knowing, or intentional waiver of coverage. As the Court has already ruled, Chugach has made its request for coverage in this case, in spite of any temporary withdrawal. (Dkt. No. 37 at 4.) The Court rejects Ohio's waiver argument.

The "late tender" rule also resolves any potential issue of waiver in Chugach's favor. The "late tender" rule states that an insurer is relieved of its duties under the policy where the

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT CHUGACH'S MOTION FOR PARTIAL SUMMARY JUDGMENT- 10

insured fails to provide notice in a timely manner, and where the insurer suffers actual and substantial prejudice. Mutual of Enumclaw Ins. Co. v. USF Ins. Co., 164 Wn.2d 411, 422 (2008). Here, the withdrawal and retender did not cause Ohio to suffer any prejudice. The tender was live throughout the underlying lawsuit up and through the settlement, when Ohio could have objected to settlement amount. It cannot claim to be prejudiced now. This is yet another basis on which the Court finds the tender was not waived.

Ohio lastly argues that Chugach was not permitted to settle the case without its participation as required by the Ohio policy. This argument has no merit. At the time of settlement, Ohio had denied coverage in spite of the tender. It would be nonsensical for the Court to require Chugach to have comply to with Ohio's policy provisions as a condition precedent to settling the case when Ohio denied coverage and refused to get involved in the settlement itself. Ohio made its decision with regard to coverage, and it must abide by that decision.

### 2. The Reasonableness of Fees

In response to Chugach's request to establish the amount of defense costs damages, Ohio argues only that the reasonableness of the fees incurred by Chugach cannot be determined on summary judgment. The only case Ohio cites that is on point involved a case from this district where the parties raised a genuine issue of material fact as to the reasonableness of the fees. Arch Ins. Co. v. Scottsdale Ins. Co., No. C09-602RSM, 2010 WL 4365817, at *5 (W.D. Wash. Oct. 27, 2010). Here, Ohio presents no attack to the fees themselves or any argument that there are facts in dispute on this issue. As such, Arch is inapposite and the issue is properly before the Court.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT CHUGACH'S MOTION FOR PARTIAL SUMMARY JUDGMENT- 11

1       Although Ohio has failed to present any contrary facts, the Court has independently reviewed the fees incurred in the underlying suit and finds them a reasonable measure of the damages at issue in this coverage case. Chugach has provided a full accounting of all of the billings, which show that a reasonable number of hours were expended on the case, and that the hourly rates were reasonable. The fees charged for related services as part of the litigation also appear neither excessive nor unreasonable. On the undisputed record before it, the Court finds the attorneys' fees and costs in the amount of $128,840.98 the proper measure of defense coverage damages in this case. The Court GRANTS the motion on this issue.

        3.     <u>The Settlement Amount is a Proper Measure of Damages</u>

      With no valid opposition on point, Chugach has correctly argued that the settlement amount is the proper measure of damages for the indemnity owed. Where the insurer has an opportunity to be involved in the settlement and the settlement is judged to be reasonable, it is presumed to be the proper measure of the insured's indemnity coverage damages. <u>Mutual of Enumclaw Ins. Co. v. T & G Constr., Inc.</u>, 165 Wn.2d 255, 266-67 (2008) (holding that a good faith settlement which has been reviewed and found reasonable by a judge establishes the insured's presumptive damages even if the insurer does not decline coverage in bad faith). Here, Ohio had the opportunity to oppose the settlement amount and it did not. The superior court found the settlement to be reasonable. Thus, the amount of the settlement is the proper measure of damages to be awarded for indemnity costs. However, as explained above, Ohio's liability is only for half of the sum after the SIR is deducted. The total, less the SIR, is $700,000. The Court notes that the SIR applies equally to the defense costs, but for the ease of calculation, the Court applies it to the settlement amount.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING DEFENDANT
CHUGACH'S MOTION FOR PARTIAL
SUMMARY JUDGMENT- 12

1 | The Court GRANTS Chugach's motion. The Court finds the total damages for indemnity and defense costs are $828,840.98. The Court notes that Ohio is responsible for only half of this amount ($414,420.49).

**Conclusion**

The Court DENIES in part and GRANTS in part Ohio's motion for summary judgment. If Chugach establishes that it is an additional insured on the Ohio policy, Ohio will share the duty to indemnify and defend with Evanston equally. This does not include coverage of the SIR amount. The Court GRANTS Chugach's motion and holds that the total indemnity damages are $700,000 and the total defense costs damages are $128,840.98. The Court finds the total damages for indemnity and defense costs are $828,840.98, although Ohio is responsible for only half of this amount.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 16th day of September, 2011.

Marsha J. Pechman
United States District Judge